OPINION
Amy E. Salser is appealing her conviction of passing on the right by driving on the berm of the highway, a violation of R.C. 4511.28(B) which provides: "The driver of a vehicle or trackless trolley may overtake and pass another vehicle or trackless trolley only under conditions permitting such movement in safety. The movement shall not be made by driving off the roadway."
The appellant is appealing pro se, as she appeared also pro se in the trial court and has filed a brief. The appellee has failed to file a brief. As such, "In determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App. 18(C). The trial court had to find that appellant violated the above-quoted section beyond a reasonable doubt, even in the case of a minor misdemeanor. See, e.g., State v. Shy (June 30, 1997), Pike App. No. 96 CA 587; State v. Breno (Oct. 23, 1998), Miami App. No. 98 CA 1;State v. Woods (Dec. 31, 1998), Montgomery App. No. 16665.
The appellant is appealing pro se from a fine of a mere $25 and no points imposed. However, she is appealing, as she disputed the charge in a bench trial, with earnest determination. She admits, in her brief, that she has already spent approximately $600 on this case and, therefore, not paying for a ticket is not the issue.
She points out that the trooper who cited her testified at the trial that the white lines on the road she is alleged to have crossed are faded and "not sharp lines like they are on the bypass right now." Tr. 9. He further admitted that he couldn't say that he could see the actual white-base line. Tr. 10. On the videotape of the trooper's actual citation of the appellant, he admits: "Well, maybe I did miss something here, did a group of cars pass these four cars that I stopped?" Video at Section 574. The appellant argues that "this indicates that he doubted what he had seen, was unsure of the vehicles he allegedly saw, and that he lost sight of the vehicles behind him (including my vehicle) while he was in pursuit of the vehicle (the Lincoln) ahead of him." Brief, at 3. Furthermore, the trooper testified that he was 450 feet from the scene of the alleged crime, which is approximately a football field and a half from the intersection of Brush Row Road and Route 68, the location of the alleged violation. Tr. 7. Route 68 is a two-lane roadway with paved
berms on both sides. Tr. 6.
The appellant was allegedly passing a vehicle turning left from Route 68 onto Brush Row Road by going to the right of it using the berm. Appellant points out that neither she nor her witness, the passenger in her vehicle, saw any vehicle turning left at that intersection and "it seems impossible/improbable that Trooper Potts could be pursuing a vehicle several hundred feet ahead of my vehicle, round a curve out of my sight, and watch continually what is happening behind him, again, while chasing the car in front of him." Brief, at 6. We find that appellant has raised enough issues and facts to present a reasonable doubt that she actually violated the law and committed the minor misdemeanor that she was charged with. We will, therefore, reverse her conviction.
While not dispositive of this case, we find some actions of the trial court and statements made by it somewhat troubling. The court continually pressed the appellant to expedite her case which, as we said, she is presenting pro se to the trial court. For instance, the court stated to the appellant that "I have a whole waiting room of people that were due in at 6:00. So you are going to have to expedite your side." Tr. 43. Also, as appellant points out, the court did not accept her pictures of the intersection in question in evidence, but did accept the State's videotape and diagrams. Brief, at 4. Finally, the court stated to the appellant toward the end of her trial that "you don't ever get your own day in this court, okay. We handle about 19,000 cases a year. There are about 200 working days. So if you do the math, you will know that we have given you well longer than we would normally give you." Tr. 55.
We find that the atmosphere of the trial was an inhibition upon appellant in attempting to present her case. She was under pressure to rush her case, a pressure that the court did not seem to have imposed upon the State. Although we recognize that the court in making the statement about "day in court" was referring to its heavy case load, we nevertheless find the remark unfortunate. We recognize full well that the pressure of time always lurks like an unseen menace in a trial judge's chambers and its courtroom, but it does not excuse a trial court from seeming to exhibit hostility to a litigant presenting a case. Such actions and remarks by a trial court, as were exhibited here, run counter to a court's obligation to present the litigants before it with a calm, detached, and objective atmosphere that continually reassures the parties that they will be given a fair and reasonable hearing. It may be difficult, at times, for trial courts to adhere to such a policy, but judges, including ourselves, should always be consciously attempting to provide just that atmosphere.
The appellant has had her day in this court. The judgment is reversed, and the charge against the appellant is dismissed.
BROGAN, J. and FAIN, J., concur.